UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**MINNIE ALINE DONALD**                                                                                          **PLAINTIFF**

v.                                                                                        **CIVIL ACTION NO. 5:23-cv-50-CRS**

**UNITED STATES ENRICHMENT CORPORATION et al.**                            **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Minnie Aline Donald brought this *pro se*, *in forma pauperis* lawsuit. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court dismisses Plaintiff's lawsuit.

### I. STATEMENT OF CLAIMS

Plaintiff sues the United States Enrichment Corporation (USEC), Centrus Energy, the Metropolitan Life Insurance Company (Met Life), the Kentucky Workers' Compensation Board, and attorney Mark Edwards. According to Plaintiff, when she left work "because of disability due to chemical exposure" on December 14, 1994, Centrus Energy denied her state workers' compensation which was due to her. DN 1, PageID #: 6. She states that she was only paid short-term disability benefits for one year and long-term disability benefits for two years. *Id*. Plaintiff alleges that "they" were supposed to put her on permanent disability until her retirement age but in August 1998, they "stopped . . . and robbed me of my long term disability." *Id*. (cleaned up). She further states that she "appealed repeatedly, to no avail." *Id*. (cleaned up).

In the relief portion of the Complaint form, Plaintiff refers to a 2001 federal program for workers suffering from illness occasioned by exposure to chemicals. *Id*. at PageID #: 7. She claims that, rather than helping, the program works against sick workers seeking compensation.

*Id*.  She asserts that she only qualifies for medical benefits from this program and that the limit on the amount of available money is "so low I can't get paid any more.  Congress need to raise the low limit."  *Id*.

Plaintiff attaches an Equal Employment Opportunity Commission (EEOC) right-to-sue notice, which was issued on August 24, 2022.  DN 1-1, PageID #: 9.  It states that the EEOC dismissed her charge because it was not filed timely.[1]  *Id*.

Plaintiff also attaches an October 23, 2020 decision by an administrative law judge (ALJ) for the Kentucky Department of Workers' Claims denying her workers' compensation claim.  *Id*. at PageID #: 75-86.  That document indicates that Plaintiff worked for USEC from January 7, 1991, until December 14, 1994.  *Id*. at PageID #: 75.  The ALJ determined that the 20-year statute of limitations ran on December 14, 2014 and barred her claim for benefits related to her chemical exposure filed on August 23, 2019.  *Id*. at PageID #: 85.  She attaches a copy of her appeal to the Workers' Compensation Board.  *Id*. at PageID #: 103-06, 107-11.

At the same time that she filed her complaint, Plaintiff also filed a "Motion for Civil Rights Act" (DN 4).  It contains allegations against Mark Edwards, an attorney Plaintiff hired in June 1997.  She alleges that he filed a class action in federal court but that he missed her "court date," causing the case to be dismissed.  DN 4-1, PageID #: 134-35.  According to Plaintiff, Edwards told her that he would refile but she never heard from him again.  *Id*. at PageID #: 135.

Plaintiff's motion indicates that she hired another attorney to sue Edwards for missing her court date.  The motion refers to "discrimination" related to Edwards for missing her court date and related to Met Life for denying her benefits.  *Id*. at PageID #: 134.  She alleges that Met Life defrauded her, committed perjury, and acted discriminatorily in reckless disregard of her rights.

---

[1] That document does not provide the name of her employer.  *Id*.

*Id*. at PageID #: 138-39.  She also alleges that Met Life's actions over the last 25 years were "unquestionably wrong."  *Id*. at PageID #: 139.

Plaintiff then filed an Amended Complaint (DN 5).  The Amended Complaint names "Lab Corp. Paducah PSC" (Lab Corp) as a Defendant.  DN 5, PageID #: 141.  She alleges that on April 19, 2022, she suffered a "left arm nerve injury" causing pain, numbness, and tingling, when a Lab Corp employee shoved a needle into her arm "very hard" while she was having lab work done.  *Id*. at PageID #: 144.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the Complaint. *See* § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09.   Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  § 1915(e)(2)(B).  While a reviewing court must liberally construe pro se pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

There is a lot going on in Plaintiff's pleadings before the Court.  The originating document, her Complaint, lists as Defendants two companies, an insurer, and a state entity -- the Kentucky Workers' Compensation Board -- and she adds an attorney as a Defendant in her "Motion for Civil Rights."  It appears that the genesis for most of her claims stems from her exposure to certain chemicals at work from 1991 to 1994; her later disability resulting from the chemical exposure; her subsequent quest to obtain disability compensation from the insurer; and

Edwards's alleged legal malpractice during his representation of her in that quest. Plaintiff's allegations also revolve around her attempts, years later, to obtain Kentucky workers' compensation benefits and to bring an employment-discrimination claim. Additionally, Plaintiff seeks to add an unrelated state-law tort claim against a private laboratory. As set forth below, the Court dismisses all of Plaintiff's claims.

### A. Plaintiff's prior suit against Defendants

Before filing this lawsuit (hereinafter *Donald II*), Plaintiff brought a nearly identical suit, *Donald v. Centrus Energy*, 5:22-cv-27-TBR (hereinafter *Donald I*), against Centrus Energy and Met Life.[2] In fact, pages 5-6 of the Complaint form, which contain the statement-of-claim and relief portions of the Complaint, are identical in both cases except for the date of Plaintiff's signature. *Compare Donald I*, DN 1, PageID #: 5-6, *with Donald II*, DN 1, PageID #: 6-7. In *Donald I*, the Court entered a Memorandum and Order explaining that Plaintiff's Complaint did not meet the pleading standard of Rule 8(a) of the Federal Rules of Civil Procedure and affording Plaintiff the opportunity to file an amended complaint "to set forth allegations against . . . Defendants." *Donald I*, DN 10, PageID #: 349.

Plaintiff filed an amended complaint in *Donald I*, which also failed to meet the notice-pleading standard. The Court dismissed Plaintiff's claims for failure to comply with Rule 8(a)'s pleading standard, and, to the extent she sought to bring an employment-discrimination claim, because she did not have the required EEOC right-to-sue letter to do so. *Donald I*, DN 16, PageID #: 564-65.

---

[2] That lawsuit also included the U.S. Department of Labor as a Defendant.

Plaintiff's Complaint (DN 1) in this lawsuit fails to comport with the Rule 8(a) pleading standard for the same reasons set forth in *Donald I*.³ The Court finds it unnecessary, however, to provide Plaintiff with an opportunity to file an amended complaint as set forth below.

### B. Motion for Civil Rights Act

Plaintiff's motion (DN 4) does not ask for any specific relief. In fact, it appears to be a continuation of the complaint. The Court, therefore, construes it as a motion to amend the complaint, which the Court **GRANTS** because no service has yet been made in this case. *See* Rule 15(a) ("A party may amend its pleading once as a matter of course no later than . . . 21 days after serving it[.]").

### C. Claim against Lab Corp

The Court will construe Plaintiff's Amended Complaint (DN 5) as a motion to amend because the Court has already determined that her "Motion for Civil Rights Act" is, in fact, an Amended Complaint. Her motion to amend her Complaint is essentially a duplicate of her motion in *Donald I* to add Lab Corp as a Defendant. The Court denied her motion to amend in *Donald I*, because to grant it would result in misjoinder. *Donald I*, DN 13.

Federal Rule of Civil Procedure 20 states in relevant part,

Persons . . . may be joined in one action as defendants if:

(a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(b) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). A federal court may consider many different factors when determining whether civil-rights claims arise from the same transaction or occurrence, including, "the time

---

³ When a Rule 8(a) dismissal is expressly with prejudice, it may have *res judicata* effect. *See Micklus v. Greer*, 705 F.2d 314, 317 n.3 (8th Cir. 1983). *Donald I*'s dismissal was not made expressly with prejudice.

period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (internal quotation marks and cite omitted).

      As the Court explained in *Donald I*, it is clear that Plaintiff's claim against Lab Corp does not arise out of the same transaction or occurrence as the claims against the other Defendants; nor would it involve any question of law or fact common to all Defendants.  As such, allowing Plaintiff to amend to add Lab Corp as a Defendant would result in misjoinder.  Accordingly, the Court **DENIES** Plaintiff's motion (DN 5).

### E. Diversity jurisdiction

      Plaintiff's Complaint does not indicate whether she invokes the Court's diversity or federal-question jurisdiction.  *See* DN 1, PageID #: 5.  Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), requires that Plaintiff's citizenship be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999).  In this case, Plaintiff and Defendants Kentucky Workers' Compensation Board and Edwards are citizens of Kentucky.  Consequently, no diversity jurisdiction exists.

### F. Federal-question jurisdiction

      The Court discerns three possible bases for federal-question jurisdiction in Plaintiff's Complaint (DN 1) and Amended Complaint (DN 4): her allegations of discrimination, the 2001 federal program she refers to, and her notification of her right to sue from the EEOC.

*1. Discrimination*

Except for employment discrimination, discussed below, Plaintiff's Amended Complaint (DN 4) identifies no violation of federal law prohibiting discrimination. The document refers only to unspecified "discrimination" related to Edwards for missing her court date and to Met Life related to findings made during her attempt to obtain disability benefits. DN 4, PageID #: 134.

Section 1983 of Title 42 of the U.S. Code provides a vehicle for bringing civil-rights claims. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff does not cite this statute or any federal civil-rights law. Instead, Plaintiff cites to state laws -- the Kentucky Consumer Protection Act, Ky. Rev. Stat. § 367.110 *et seq.*, and the Kentucky insurance statute prohibiting unfair and deceptive practices, Ky. Rev. Stat. § 304.12-230. DN 4-1, PageID #: 138, 140. Additionally, she makes no allegations and nothing in her pleadings suggests that either Edwards or Met Life are state actors. Consequently, the Court holds that Plaintiff cannot invoke jurisdiction under § 1983.

*2. Statute*

Plaintiff's Complaint expresses her dissatisfaction with a 2001 federal program. DN 1, PageID #: 7.

Although she does not identify the federal program, a final decision from the U.S. Department of Labor attached to the Complaint explains that Plaintiff worked at the Paducah Gaseous Diffusion Plant from 1991 to 1994. DN 1-1, PageID #: 58. That document indicates that the Department of Labor accepted her claim for compensation and medical benefits for

Chronic Beryllium Disease (CBD) under the Energy Employees Occupational Illness Compensation Program Act of 2000 as amended 42 U.S.C. § 7384 (EEOICPA). *Id*. The EEOICPA "provides 'benefits to individuals or their survivors for illnesses incurred from exposure to toxic substances while working for the Department of Energy or certain related entities.'" *Act for Health v. United Energy Workers Healthcare Corp.*, 784 F. App'x 295, 296–97 (6th Cir. 2019) (quoting *Watson v. Solis*, 693 F.3d 620, 622 (6th Cir. 2012)). "The Department of Labor . . . administers the compensation program that the [EEOICPA] statute creates." *Bradford v. U.S. Dep't of Lab.*, No. 514CV00135GNSLLK, 2016 WL 3945802, at *1 (W.D. Ky. July 19, 2016). A claim for benefits under the EEOICPA is initiated by filing an administrative claim with the Department of Labor's Office of Workers' Compensation Programs. 20 C.F.R. § 30.100(a). The only grant of jurisdiction to district courts set out in the EEOICPA is a grant of jurisdiction to review final decisions of the Department of Labor. 42 U.S.C. § 7385s-6.

> Section 7385s–6(a) provides:
>
> A person adversely affected by a final decision of the Secretary under [Part E] may review that order in the United States district court . . . by filing in such court *within 60 days* after the date on which that final decision was issued a written petition praying that such decision be modified or set aside. . . . Upon such filing, the court shall have jurisdiction over the proceeding and shall have the power to affirm, modify, or set aside, in whole or in part, such decision[.]

42 U.S.C. § 7385s–6(a) (emphasis added).

The Department of Labor's final decision attached to the Complaint is dated July 18, 2019. DN 1-1, PageID #: 58. Because Plaintiff did not file this lawsuit within 60 days of the Department of Labor decision, the Court lacks jurisdiction over this claim. *See Bowles v. Russell*, 551 U.S. 205, 212-14 (2007) (statutory deadline for filing notice of appeal is jurisdictional and cannot be equitably tolled); *Smith v. U.S. Dep't of Lab.*, 928 F. Supp. 2d 1236,

1243 (D. Nev. 2012) (holding that court lacked jurisdiction to review DOL's denial of EEOICPA benefits because employee did not file for review of that decision in the district court within 60 days).

*3. EEOC claim*

Plaintiff attaches to her Complaint a copy of an EEOC right-to-sue letter issued August 24, 2022, providing that, should Plaintiff file a lawsuit, she must do so within 90 days of receipt of the notice. DN 1-1, PageID #: 9. Plaintiff did not file her complaint in this case until 240 days later, on April 21, 2023.

An employment-discrimination action under Title VII of the Civil Rights Act must be filed within ninety days of the date of the right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see Disena v. TS Emp. Inc.*, No. 16-2269, 2017 WL 4124889, at *2 (6th Cir. May 11, 2017). "'[T]he ninety-day filing requirement . . . is not a jurisdictional requirement but, instead, is a timing requirement similar to a statute of limitations, subject to waiver, estoppel and equitable tolling." *Christian v. Delta Airlines*, No. 219CV02365JTFCGC, 2019 WL 6291198, at *2 (W.D. Tenn. Nov. 25, 2019) (quoting *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 646-47 (6th Cir. 1998)).

Plaintiff has not explained why she waited over six months between receiving her right-to-sue letter and filing her complaint; "[t]hus, [Plaintiff] is not entitled to equitable tolling[.]" *Johnson v. Cleveland Bd. of Educ.*, No. 99-4280, 2000 WL 1720656, at *2 (6th Cir. Nov. 7, 2000) (affirming dismissal as frivolous where plaintiff did not file complaint within 90 days of the EEOC's right-to-sue letter). The Court, therefore, dismisses Plaintiff's employment-discrimination claim.

### G. Supplemental jurisdiction

As discussed above, Plaintiff's federal-law claims are subject to dismissal. Because the Court dismisses the federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The Court therefore dismisses Plaintiff's state-law claims without prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing this lawsuit.

Date: November 27, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
4411.009