UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**MINNIE ALINE DONALD**  PLAINTIFF

v.  CIVIL ACTION NO. 5:23-CV-50-CRS

**UNITED STATES ENRICHMENT CORP. et al.**  DEFENDANTS

**MEMORANDUM AND ORDER**

Before the Court is a motion (DN 11) filed by *pro se* Plaintiff Minnie Aline Donald in which she requests to amend her complaint in this closed case. On review, the Court determines that it is in actuality a motion for reconsideration of the Court's dismissal of this lawsuit.

**I.**

Rule 59(e) of the Federal Rules of Civil Procedure allows an aggrieved party to file a motion to alter or amend a judgment within twenty-eight days of its entry. Because Plaintiff filed the instant motion within 28 days of the Court's dismissal order, the Court construes it as a Rule 59(e) motion to alter or amend the Court's judgment.

A motion to alter or amend a judgment will be granted only if there "is a clear error of law, newly discovered evidence, an intervening change of law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). "Rearguing the merits of a petitioner's claims is not an appropriate use of a motion to alter or amend." *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, No. CV 12-91-GFVT, 2016 WL 7971208 at *1 (E.D. Ky. Feb. 9, 2016) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case.")). "Additionally, petitioners may not raise arguments under Rule 59(e) that they failed to raise prior to the district court's order." *New London Tobacco*, 2016 WL 7971208, at *1

(citations omitted); *see also Electric Ins. Co. v. Freudenberg–Nok, Gen. P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007). "Amending or altering a final judgment is an 'extraordinary' measure and motions requesting such amendment are 'sparingly granted.'" *New London Tobacco*, 2016 WL 7971208, at *1 (quoting *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046 at *2 (W.D. Ky. Apr. 19, 2007)).

## II.

Plaintiff sued two companies, United States Enrichment Corporation (USEC) and Centrus Energy; an insurer, Metropolitan Life Insurance Company (Met Life); the Kentucky Workers' Compensation Board; and a private attorney Mark Edwards. Her complaint and other filings were difficult to follow and relied on numerous exhibits without explanation or cites to particular portions of them. Of note to resolving Plaintiff's Rule 59(e) motion, a final decision from the U.S. Department of Labor dated July 18, 2019, attached to the complaint explains that Plaintiff worked at the Paducah Gaseous Diffusion Plant for several corporate entities acting as subcontractors for the Department of Energy including USEC and Centrus Energy from January 1991 to December 1994 and accepted her claim for compensation and medical benefits for Chronic Beryllium Disease under the Energy Employees Occupational Illness Compensation Program Act of 2000 as amended 42 U.S.C. § 7384. DN 1-1, PageID #: 58-60; *see also id.* at PageID #: 52. According to Plaintiff, when she left work "because of disability due to chemical exposure" on December 14, 1994, Centrus Energy denied her state workers' compensation which was due to her. DN 1, PageID #: 6. It appears from the complaint that she received long-term disability from Met Life until August 1998. *Id*.

On initial review of this case, the Court concluded that because Plaintiff and Defendants Kentucky Workers' Compensation Board and Edwards are citizens of Kentucky, no diversity

jurisdiction exists. The Court also concluded that, except for employment discrimination, Plaintiff identified no violation of federal law prohibiting discrimination.[1] The Court dismissed Plaintiff's federal employment claim because the Equal Employment Opportunity Commission (EEOC) right-to-sue notice was dated over six months from Plaintiff's filing of this case, and she offered no reason that the right-to-sue notice was not sent to her at that time it was dated. *See* 42 U.S.C. § 2000e-5(f)(1) (an employment-discrimination action under Title VII of the Civil Rights Act must be filed within ninety days of the date of the right-to-sue letter from the EEOC).

Plaintiff's motion, which is one page with numerous attachments, states that she wants "to amend the original complaint to include proof." DN 11, PageID #: 174. The motion refers the Court to the attachments without further explanation on two of the issues in this lawsuit as follows: "Met Life said I have no proof of disability. That is false to the max. See proof" and "Workers compensation said I did not file before deadline. That is false to the max. see attorney David Hargroves brief."

Plaintiff attaches a copy of a state-court complaint filed on her behalf by counsel against Met Life for wrongful termination of her long-term disability benefits in 1998 under Kentucky state law.[2] DN 11-1, PageID #: 226-28. She includes letters dated May 15, 2017, and January 18, 2018, from Met Life explaining that it was unable to conduct an appeal review of her file because the file showed that the claim was appealed and upheld. *Id*. at PageID #: 203, 205. She has added handwritten notes, stating, "False" and "Discrimination" and that she asked to "reopen" not to "appeal," and there is no time deadline to reopen. *Id*. Also attached is a September 7, 2022, letter

---

[1] Having declined to exercise its supplemental jurisdiction over Plaintiff's state-law claims, the Court dismissed them without prejudice.

[2] Represented by counsel, Plaintiff also twice sued Met Life in this Court more than 20 years ago. *Donald v. Metropolitan Life*, No. 5:99-cv-226-TBR; *Donald v. Metropolitan Life*, No. 5:01-cv-147-TBR.

3

from Met Life explaining that there is no separate process for reopening rather than appealing her claim, and a January 25, 2018, letter from Met Life responding to her request to "reopen," explaining that there are no further administrative rights under the plan and they can no longer review her claim for disability. *Id*. at PageID #: 206-07.  Plaintiff also attaches a trial brief filed on her behalf by counsel before the Department of Workers' Compensation Claims with an attached note stating, "Facts why I should be accepted for w. comp.  I filed on time." *Id*. at PageID #: 210-13.  This brief was attached to her complaint.  DN 1-1, PageID #: 52-55.

All of these documents were attached to her previous filings and, thus, do not equate to newly discovered evidence.  Nor do they establish jurisdiction over Plaintiff's claim against Met Life and the Workers' Compensation Board.

Plaintiff's motion also states that she "filed for a right to sue letter August 2, 2022, I did not receive the letter until April 19, 2023, 8 months later." She attaches the EEOC right-to-sue letter which states that it was issued and signed on August 24, 2022. *Id*. at PageID #: 220.  She also attaches a copy of an email dated April 20, 2023, enclosing a copy of the right-to-sue letter apparently in response to a request by Plaintiff. *Id*. at PageID #: 221.  Both documents were attached to the complaint.[3] DN 1-1, PageID #: 8-9.

The number of the EEOC charge, 474-2022-01332, indicates that Plaintiff filed the charge in 2022.  This appears to be the charge Plaintiff referred to in one of her prior lawsuits before this Court.  In that lawsuit, a portion of the amended complaint, which was on an employment discrimination complaint form, indicated that the discriminatory acts occurred in August 1998 and that she was discriminated against on the basis of race, color, and disability. *Donald v. Centrus Energy*, No. 5:22-CV-27-TBR, 2022 WL 3641602, at *1 (W.D. Ky. Aug. 23, 2022).  She stated

---

[3] Plaintiff initiated this action on April 21, 2023.

in that case that she had filed a charge with the EEOC on August 1, 2022, and that the EEOC had not issued a right-to-sue letter. *Id.*

Even assuming that Plaintiff did not receive the EEOC right-to-sue notice until April 20, 2023, timely filing of an EEOC complaint with the EEOC is a prerequisite to an employment discrimination suit under Title VII of the Civil Rights Act. 42 U.S.C. § 2000e–5(e); *E.E.O.C. v. Wilson Metal Casket Co.*, 24 F.3d 836, 839 (6th Cir. 1994); *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 695 (5th Cir. 1982). The purpose of the Title VII filing requirement is to give notice of potential Title VII liability to an alleged wrongdoer and to allow the EEOC to attempt to conciliate with the wrongdoer rather than go to court. *Wilson Metal Casket Co.*, 24 F.3d at 839 (citing *Foster v. Gueory*, 655 F.2d 1319, 1323 (D.C. Cir. 1981)). Here, Plaintiff's right-to-sue letter states that she waited too long after the date of the alleged discrimination to file her charge with the EEOC. DN 11-1, PageID #: 220.

Because Plaintiff's employment discrimination claims relate to employment which ended over 25 years ago, her 2022 complaint to the EEOC was untimely. *See Ryker v. Abbott Lab'ys*, 38 F.3d 1216 (6th Cir. 1994) ("Because Ryker filed her charge with the EEOC more than 180 days after the latest allegedly discriminatory action, the EEOC dismissed the complaint as untimely. Consequently, Ryker's Title VII complaint is likewise untimely and the defendant is entitled to judgment on this basis as well."); *Shaw v. Nashville Gas Co.*, No. 99-5958, 2000 WL 1871716 (6th Cir. Dec. 13, 2000) (dismissing lawsuit based on EEOC charge filed over three years after the allegedly discriminatory demotion).

Here, the Court finds no clear error of law, no newly discovered evidence, no intervening change in the law, and no manifest injustice to warrant amendment of the previous Order dismissing for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and for failure to

state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) under Rule 59(e). Therefore, relief under Rule 59(e) is not warranted.

Accordingly, **IT IS ORDERED** that Plaintiff's motion (DN 11) is **DENIED**.

Date: April 2, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
4411.009